UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASANOVA ANTONIO SOLOMAN,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO COUNTY JAIL, et al.,<br><br>Defendants. | Case No. 26-cv-04065-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Casanova Soloman, a detainee at San Francico County Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a failure to protect claim against Defendant Deputy Tu.  The remaining Defendants are DISMISSED.  Defendant shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **October 2, 2026**.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Plaintiff's Allegations

Plaintiff alleges as follows: He arrived back at his cell from a court appearance when he heard his cellmate arguing with Defendant Deputy Tu, stating that Plaintiff was not welcome in the cell. (Dkt. No. 1 at 2-3.) Defendant ignored the statements and placed Plaintiff in the cell while still handcuffed. (*Id.* at 3.) Plaintiff requested that the handcuffs be removed, but Defendant refused and closed the cell door. (*Id.*) The cellmate, who was not handcuffed, started punching and kicking Plaintiff in the face. (*Id.*) Plaintiff asked Defendant for help, but he just observed and failed to intervene. (*Id.*) Plaintiff suffered injuries to his eyes and now experiences headaches and head pain. (*Id.*)

### C.     Analysis

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if they are being

held in pretrial detention, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Castro*, 833 F.3d at 1068.

In the context of claims for failure to protect, the standard under the Eighth Amendment to prove deliberate indifference is different than the standard to prove deliberate indifference under the Fourteenth Amendment. Whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. *Id*. at 1068-70 (holding that objective standard of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Id*. at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id*. at 1071.

When liberally construed, Plaintiff states a claim against Defendant for failure to protect. Plaintiff also names the jail and sheriff's office as Defendants. The specific deputy is the proper Defendant for this claim; therefore, the other Defendants are dismissed.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant Deputy Tu #2644 shall be served at San Francisco County Jail No. 3 in San Bruno. The Clerk shall issue a summons and the United States Marshal shall serve Defendant without prepayment of fees, a copy of the Complaint (Dkt. No. 1) and all attachments thereto, and a copy of this order. Additionally, the Clerk shall mail a copy of this order to Plaintiff. The remaining Defendants are DISMISSED.

3

2.      On or before **October 2, 2026**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.      If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than forty-five (45) days from the date Defendant's motion is filed.

4.      Defendant shall file a reply brief no later than fifteen (15) days after Plaintiff's opposition is filed.

5.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15

California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendant shall provide the following notice to Plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
RITA F. LIN
United States District Judge